THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* VINCENT P. MARZANO, Appellant.

Third Department, December 4, 1968.

*David B. Alford* for appellant.

*Robert H. Ecker, District Attorney,* for respondent.

HERLIHY, J. P. This is an appeal from a judgment of the County Court of Schoharie County, rendered February 8, 1968, upon a verdict convicting the defendant of the crime of obscenity.

We are not presently concerned with whether the exhibits were hard core pornography, and consequently obscene, but rather whether the section under which the defendant was indicted applies to the facts herein.

The proof shows that a 16-year-old boy went to the defendant's place of business for the purpose of obtaining information and a possible purchase of balloons. While in the store and after

locking the front door, the defendant displayed to the boy a number — more than six — of photographs and other periodicals found by the jury to be obscene. During the display of the pictures it was alleged that the defendant made improper advances to the boy.

The indictment charged obscenity in violation of section 235.05 of the Penal Law. If the defendant was guilty under the section, it would be in accordance with subdivision 1 of the section which provides '' promotes, or possesses with intent to promote, any obscene material ''.

Section 235.10 of the Penal Law provides as follows:

'' Obscenity; presumptions. 1. A person who promotes obscene material, or possesses the same with intent to promote it, in the course of his business is presumed to do so with knowledge of its content and character.

'' 2. A person who possesses six or more identical or similar obscene articles is presumed to possess them with intent to promote the same.''

The alleged acts of conduct as charged against the defendant are generally considered revolting and at times result in verdicts based on prejudice and emotion rather than from the usual consideration of deliberate, painstaking and thorough analysis of the testimony. It is human nature but, in turn, requires the most careful consideration of all of the testimony by appellate courts. This is not stated in justification of the acts and conduct of the defendant, but rather to emphasize that he is entitled to a fair and impartial trial.

The sections here considered (§§ 235.00–235.10) generally were drawn from section 1141 of the former Penal Law as it existed prior to the enactment in 1965 of the present statute. A reading of the old and new sections and the commentaries and decisions thereunder is convincing that the purpose of the section was and is to prevent the sale or other distribution *to the public* of obscene material.

It seems that both historical continuance and sound policy dictate that it is not the private possession and use of smut that is to be made criminal, but the pandering or public exhibition of it. The present law proscribes giving away or lending obscenity, as well as selling it, but so did former section 1141 of the Penal Law and it was not interpreted to be directed to private use. So, while the present law broadly defines '' Promote '', a reading leads to the inescapable conclusion that there was no intended change in the construction of the statute and that there must be some element present of spreading obscenity before the public.

Possession of obscenity for a private use is not the promotion of obscenity as contemplated by this statute. (See *People* v. *McGuire,* 5 N Y 2d 523.)

Likewise we find under the present facts that the presumption contained in subdivision 2 of section 235.10 is inapplicable where the proof so conclusively shows the purpose for which the defendant possessed the articles. The facts rebut the presumption of an intent to " promote " as contemplated by the statute. (Cf. *People* v. *Adamkiewicz,* 298 N. Y. 176, 179, 181.)

It may well be that the defendant could be charged with a violation of some other section of the Penal Law, but such is not presently before the court.

In view of our decision, we have not considered several of the points set forth in the briefs of the respective parties but, the section being of recent enactment, have directed our attention to the interpretation of the statute as applicable to the present facts.

The judgment should be reversed, on the law and the facts, and the indictment dismissed.

REYNOLDS, AULISI, STALEY, JR., and GABRIELLI, JJ., concur.

Judgment reversed, on the law and the facts, and indictment dismissed.