OPINION OF THE COURT
Joseph Harris, J.
Defendant was indicted for five counts of promoting a sexual performance by a child, in violation of section 263.15 of the Penal Law, a class D felony, the allegations being, in summary, that the defendant, "knowing the character and content thereof did procure through the United States Postal Service, via the mail”, certain magazines containing photographs of children under the age of 16 years, depicting said children *994 engaged in sexual conduct, including deviate sexual intercourse, masturbation and lewd exhibition of genitals.
The gravamen of the charge against the defendant is solely the obtaining of certain proscribed photographs for his own private use. There is no charge or suggestion that the defendant had anything to do with the creation of these photographs, nor that he obtained them with intent to sell or distribute.
Defendant asserts that the alleged conduct is not proscribed by the statute, and that if it is, the statute is unconstitutional as applied to him.
The subject statute reads as follows:
"Section 263.15. Promoting a sexual performance by a child.
"A person is guilty of promoting a sexual performance by a child when, knowing the character and content thereof, he produces, directs or promotes any performance which includes sexual conduct by a child less than sixteen years of age.”
"Promote” as defined by Penal Law § 263.00 (5) means "to procure, manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmute, publish, distribute, circulate, disseminate, present, exhibit or advertise, or to offer or agree to do the same.”
"Performance” means "any play, motion picture, photograph or dance” (Penal Law § 263.00 [4]).
Thus, reduced to the specific, the defendant is charged with "procuring” a "photograph” depicting sexual conduct by a child less than 16 years old.
The term "procure” is not specifically defined in the Penal Law. Every English language dictionary consulted by the court, including Webster’s Third New International Dictionary (Unabridged), indicates that the word "procure” has at least two general meanings, one of which is "to obtain” (either for one’s self or for another) or "to gain possession of’, and the other of which is "to get and make available for promiscuous sexual intercourse”, from which the term "procurer” (known in the vernacular as a pimp) is derived.
Black’s Law Dictionary (rev 4th ed) defines "procure” as "To initiate a proceeding; to cause a thing to be done; to instigate; to contrive, bring about, effect, or cause. To persuade, induce, prevail upon, or cause * * * To obtain * * * for another.”
Elsewhere in the Penal Law the term "procure” appears only in the definition of "advance prostitution” contained in *995 Penal Law § 230.15 (1), in the context of "procures * * * patrons for prostitution”. Nowhere in the Penal Law does the term "procure” appear in the context of obtaining something for one’s own personal use.
The rules of statutory construction are set forth in McKinney’s Statutes. Section 235 thereof recites "When a word is susceptible of two or more significations, the meaning to be given must be determined from the context of the statute, the purpose and spirit of it, and the intention of the lawmakers.” (McKinney’s Cons Laws of NY, Book 1.)
The court has obtained and examined the legislative bill jacket with respect to the enactment of article 263 of the Penal Law. Nowhere in the legislative history of article 263, as well as on the face of the statute itself, is there any suggestion that what was intended to be proscribed was anything other than the creation and distribution of sexual performances by a child less than 16 years of age; more particularly, there is no suggestion whatsoever, in the legislative history, or the statute itself, that what was intended to be punished was the customer of a sexual performance, for his own private use — nor is there any language indicative of such an intent.
Indeed, although Penal Law § 263.15 has been held by the United States Supreme Court to be constitutional as applied to the proprietor of a bookstore who was convicted of selling proscribed materials (New York v Ferber, 458 US 747 [1982]), it might well be that an interpretation of Penal Law § 263.15 that made mere private possession of the material herein involved, for the defendant’s own private use, would be unconstitutional under the United States Supreme Court’s holding in Stanley v Georgia (394 US 557 [1969]), the principle of which was adopted by the Appellate Division, Third Department, in People v Marzano (31 AD2d 52).
In Marzano (supra, at 54) interpreting the term "promote” as used in article 235 of the Penal Law, dealing with obscenity, the court held "Possession of obscenity for a private use is not the promotion of obscenity as contemplated by this statute.” The definition of the term "promote” in article 263 (Sexual Performance of a Child) is exactly the same as set forth in article 235 (Obscenity and Related Offenses) except for the addition of the ambiguous term "to procure”.
It is not, however, necessary to address the constitutional question, for the issue involved here is readily resolved by the *996 rule of statutory construction set forth in section 239 of McKinney’s Statutes, known as noscitur a sociis, which holds that "words employed in a statute are construed in connection with, and their meaning is ascertained by reference to the words and phrases with which they are associated.” (McKinney’s Cons Laws of NY, Book 1.)
The maxim noscitur a sociis means literally "it is known from its associates”, and is applied only where the meaning of a statute is ambiguous. It is not a fixed rule of construction; it is merely a guide to legislative intent and not to be applied where it contradicts the evident intent of the Legislature. (McKinney’s Cons Laws of NY, Book 1, Statutes, at 406-407.)[1]
Thus, in the instant case, where the proscribed conduct is "produces, directs or promotes” — each mode of conduct related to the others in a joint venture of creation and distribution— and where the term "promote” is more specifically defined by the following conduct: "to procure, manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmute, publish, distribute, circulate, disseminate, present, exhibit or advertise, or to offer or agree to do the same” (Penal Law § 263.00 [5])— the rule of noscitur a sociis requires, absent a clear legislative intent to the contrary, that the ambiguous term "procure”, which is susceptible of multiple meanings, be construed consistently with the modes of conduct associated with it in the general term "promote”. These modes of conduct relate only to the creation and distribution of the prohibited performance.
The statute clearly was intended to punish the creator and distributor of the prohibited performance, not the ultimate consumer. The term "procure” relates not to the ultimate consumer but to any person in the chain of distribution who obtains the proscribed material not for his own private use but for another, and to the unprincipled pimp who goes out to solicit, obtain and provide the young children who are the forced and misled actors and the unfortunate victims of this dirty business.[2]
*997 Accordingly, the indictment herein must be dismissed for failure on its face to state a crime under Penal Law § 263.15.
This being the holding of the court, the remaining parts of the omnibus motion need not be reached.

. The maxim noscitur a sociis is a less well-known cousin of the more familiar maxim ejusdem generis, a rule of statutory construction which requires a court to limit general language of a statute by specific phrases which have preceded the general language, again not to be applied where it contradicts the evident intent of the Legislature. A common example of the principle of ejusdem generis is found in statutes wherein a specific enumeration of things is followed by a collective term such as "other”, "otherwise”, or "etc.” (McKinney’s Cons Laws of NY, Book 1, Statutes, at 407-409.)

. If the Legislature had intended any other construction, all it had to do was use the simple single-meaning words "obtain” and "possess”, both of which are used throughout the Penal Law when that was what was meant.