THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM H. KEYES, Respondent.

Third Department, November 3, 1988

### APPEARANCES OF COUNSEL

*Sol Greenberg, District Attorney (George H. Barber* of counsel), for appellant.

*Kindlon & Willsey, P. C. (Terence L. Kindlon* of counsel), for respondent.

*Gregory A. Loken* for Covenant House, *amicus curiae.*

### OPINION OF THE COURT

KANE, J. P.

In April 1985, during the course of his duties as a member of the Special Investigation Unit of the Albany City Police Department, Detective Alden Manion appeared at an adult bookstore in the City of Troy, Rensselaer County, where "adult movies" are shown in private booths. Written on the door of a booth were the words "young boys wanted" followed by a telephone number. It was thereafter determined that the telephone number was assigned to defendant at his home address, 140 Hunter Avenue in the City of Albany. In the ensuing investigation begun in January 1986 and headed by Detective Sergeant Thomas Fargione, defendant was contacted by Fargione at the Hunter Avenue address. Acting as an undercover agent, Fargione supplied defendant, at defendant's request, with both magazines and videotapes of children under the age of 16 years engaging in deviate sexual intercourse and other sexual acts. Fargione arranged for the delivery of this material by mail or delivered it in person and received payment for the material from defendant. In August 1986, pursuant to a search warrant, this material was seized at defendant's premises and he was thereafter indicted in a five-count indictment, charged with violating Penal Law § 263.15, which is entitled "Promoting a sexual performance by a child".

County Court granted defendant's motion to dismiss the indictment on the ground that, on its face, the indictment failed to state a crime pursuant to Penal Law § 263.15 (135 Misc 2d 993). The court ruled that the conduct proscribed consisted of the *creation* and *distribution* of sexual performances by a child less than 16 years of age, and that the statute was not intended to punish the customer of such a sexual performance in the course of his own private use. County Court further reasoned that in the definition section of Penal Law article 263 which defines the word "promote" (Penal Law § 263.00 [5]), inclusion of the word "procure" with

a group of other words describing conduct related to the creation and distribution of a prohibited performance created an ambiguity requiring judicial construction, since the word "procure" is susceptible to different meanings. It then applied the rule of *noscitur a sociis (see,* McKinney's Cons Laws of NY, Book 1, Statutes § 239) and concluded that the word "procure" must be construed consistently with the other modes of conduct associated with "promote" and, accordingly, concluded that Penal Law § 263.15 "clearly" was intended not to punish the ultimate consumer *(supra,* at 996). Our interpretation compels a different conclusion.

Penal Law § 263.15 states: "A person is guilty of promoting a sexual performance by a child when, knowing the character and content thereof, he produces, directs or promotes any performance which includes sexual conduct by a child less than sixteen years of age." Promoting a sexual performance by a child is a class D felony. "Promote" is defined by Penal Law § 263.00 (5) as follows: " 'Promote' means to procure, manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmute, publish, distribute, circulate, disseminate, present, exhibit or advertise, or to offer or agree to do the same." "Performance" is defined by Penal Law § 263.00 (4) in pertinent part as follows: " 'Performance' means any play, motion picture, photograph or dance."

In our view, the word "procure" in the context of the statutory framework under consideration should be assigned its most natural and obvious meaning, i.e., an intent to "acquire * * * obtain * * * [or] to get possession of" (Webster's Third New International Dictionary 1809 [unabridged 1981]; *see,* Black's Law Dictionary 1087 [5th ed 1979]; *see also,* Penal Law § 5.00; *People v Cruz,* 48 NY2d 419, 428, *appeal dismissed* 446 US 901). This conclusion is buttressed by adherence to our obligation to first ascertain and effectuate the intent of the Legislature *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 92), which, as stated in an Assembly memorandum addressed to the legislation enacting Penal Law § 263.15, is "to make every attempt to prevent children from being sexually exploited and to eliminate the child pornography industry * * * and the promotion of such material absolutely prohibited" and to "make material containing children in sexual performance, *no matter what the purpose,* against the public policy of this State" (mem of Assemblyman Howard Lasher, Governor's Bill Jacket, L 1977, ch 910 [emphasis in original]).

Accordingly, we reject County Court's application of the rule of *noscitur a sociis* as inappropriate. The addition of the word "procure" as proscribed conduct in Penal Law § 263.00 (5) is indicative of the Legislature's determination to attack the anathema of exploitation of children through sexual performances by arming law enforcement officers with the tools necessary to enable them to seek out and prosecute those who promote such material (legislative declaration, L 1977, ch 910, § 1). We note that in a similar area, the definition section in Penal Law article 235, entitled "Obscenity and Related Offenses", contains the exact same words as Penal Law § 263.00 (5), except for the word "procure" *(see,* Penal Law § 235.00 [4]), which was inserted when Penal Law article 263 was enacted some years subsequent to Penal Law article 235 by Laws of 1977 (ch 910). Since it is a fundamental rule of construction that the Legislature, when enacting an amendment or new legislation, is presumed to know and be aware of the existing law at that time (McKinney's Cons Laws of NY, Book 1, Statutes § 222), we conclude that this specific action on the part of the Legislature indicated an intent to expand and enlarge the meaning of the word "promote" *(see, Davis v State of New York,* 54 AD2d 126).

In the matter at hand, the indictment specifically charges defendant with violations of Penal Law § 263.15 in that he "knowing the character and content thereof did *procure"* (emphasis supplied) the proscribed material from either the undercover police officer or the United States Postal Service. The form and content of the indictment complies with statutory requirements *(see,* CPL 200.50) and, on its face, charges the perpetration of criminal conduct intended to be proscribed *(see, People v Ditta,* 52 NY2d 657).

Defendant also argues that Penal Law § 263.15 is unconstitutional as applied to him, contending that possession of obscene material in one's own home may not be prohibited, citing *Stanley v Georgia* (394 US 557) and *People v Marzano* (31 AD2d 52). This argument must be rejected. First, none of the counts of the indictment charge defendant with mere possession of the prohibited materials. Second, the Supreme Court of the United States has held Penal Law § 263.15 constitutional *(New York v Ferber,* 458 US 747), noting that States are given greater leeway in regulating "pornographic depictions" of children than that allowed for adult pornography and further noting a State's compelling interest in safeguarding the well-being of minors *(supra,* at 756-757) and the

"intrinsic" link between distribution of child pornography and sexual abuse of children *(supra,* at 759). On remand, the Court of Appeals held that the statute did not violate the New York Constitution *(People v Ferber,* 57 NY2d 256). Since, in regulating child pornography, the focus is upon the physical or psychological harm done to the child involved in the production of the work, and not upon the content or value of the work itself *(see, New York v Ferber, supra,* at 757-765), it would seem that the question of whether the proscribed material is distributed commercially or possessed privately is irrelevant to whether a child has been harmed by its production. Accordingly, trial upon the indictment should proceed. Other issues raised by defendant on this appeal are defenses to be interposed at trial.

CASEY, WEISS, MIKOLL and MERCURE, JJ., concur.

Order reversed, on the law, motion denied, indictment reinstated and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this court's decision.