JESS F. HOWES, INC., Appellant, v HUDSON VALLEY DISTRICT COUNCIL OF CARPENTERS et al., Defendants, and NORTH RIVER INSURANCE COMPANY, Respondent.

Third Department, April 6, 1989

**APPEARANCES OF COUNSEL**

*Livingston S. Latham* for appellant.

*Shanley, Sweeney & Reilly, P. C. (John B. Ducharme* of counsel), for respondent.

## OPINION OF THE COURT

HARVEY, J.

Plaintiff, a supplier of various building materials, commenced this action in September 1986 to enforce a mechanic's lien it filed against various defendants it had supplied with materials in connection with a public improvement project. Plaintiff's notice of lien states that the amount plaintiff is owed became due on March 25, 1986. On January 7, 1988, plaintiff was granted leave to serve a supplemental summons and an amended supplemental complaint on newly added defendant North River Insurance Company (hereinafter North River), which had apparently issued a labor and material bond to the prime contractor on the project. In North River's answer, it raised the affirmative defense of the Statute of Limitations. North River thereafter moved to dismiss the complaint on that basis, stating specifically that the claim against it was not commenced within the one-year Statute of Limitations set forth in State Finance Law § 137 (4) (b). Supreme Court granted the motion and plaintiff appeals.

State Finance Law § 137 requires the filing of a bond to secure payment of certain claims arising from public improvements. As a materialman for such a project, plaintiff is included in the definition of potential claimants who can sue on such a payment bond *(see,* State Finance Law § 137 [3]). The sole issue on this appeal is whether the one-year Statute of Limitations on such claims described in amended State Finance Law § 137 (4) (b) *(see,* L 1980, ch 360) applies to materialmen rather than just subcontractors as argued by plaintiff.

Prior to the amendment of State Finance Law § 137 (4) (b) in 1980, this provision provided: "No action on a payment bond furnished pursuant to this section shall be commenced after the expiration of one year from the date on which the claimant performed the last of the labor or furnished the last of the material for which such action is brought, except that if the claimant is a subcontractor of the contractor, no such action shall be commenced after the expiration of one year from the date on which final payment under the subcontract became due" (State Finance Law § 137 [4] [b], as amended by L 1964, ch 700). Following the 1980 amendment, the section

now reads as follows: "No action on a payment bond furnished pursuant to this section shall be commenced after the expiration of one year from the date on which final payment under the claimant's subcontract became due" (State Finance Law § 137 [4] [b], as amended by L 1980, ch 360). Plaintiff contends that because the 1980 amendment deleted any reference to materialmen, it was the clear intention of the Legislature to completely exclude claims brought by materialmen from the application of the one-year time bar and apply it only to subcontractor claims. Plaintiff argues that contention is supported by the fact that the amended statute refers only to a claimant's "subcontract" and, therefore, any claimant subject to the time limitation in the statute must necessarily be a subcontractor rather than a materialman, laborer or other person who has a cause of action under the contractor's bond.

In our view, the Legislature did not intend the construction of the statute urged by plaintiff. Plaintiff points out that where a question of statutory interpretation is presented, the terms are to be construed according to their ordinary meaning in the context in which they are used (*Matter of Kamhi v Planning Bd.*, 59 NY2d 385, 391). It is our obligation, however, to ascertain and effectuate the intent of the Legislature (*People v Keyes*, 141 AD2d 227, 229; *see,* McKinney's Cons Laws of NY, Book 1, Statutes § 92).

Here, an examination of the intent and purpose of the statute as well as its legislative history shows decisively that the Legislature could not have intended the broad interpretation of the amendment of State Finance Law § 137 (4) (b) advanced by plaintiff. By Laws of 1980 (ch 360), the Legislature not only amended State Finance Law § 137 (4) (b) to provide for a one-year Statute of Limitations, but it also amended State Finance Law § 137 (3) to provide for 120 days for certain claimants, including materialmen, to file a notice of claim rather than 90 days. One of the arguments contained in the bill jacket in support of these changes pertained to second-tier subcontractors, who, because of their position in the chain of payments, may be unaware that problems might exist with payment until after they are already time barred to bring an action (Budget Report on Bill, June 18, 1980, Governor's Bill Jacket, L 1980, ch 360).

Significantly, another argument in support of the one-year limitation was to protect materialmen, who would conceivably

finish their tasks early in a project, from a potentially bankrupt prime contractor by changing commencement of the one-year time limitation from when they furnished the last of the material to when the final payment for the material became due *(ibid)*. Thus, under plaintiff's interpretation of the amendment, a materialman would be required to file a notice of claim within 120 days and then have a leisurely six years *(see,* CPLR 213) to bring an action against a contractor who may already have gone bankrupt.

We cannot agree with such an interpretation. Rather than showing an intent to exclude materialmen from the purview of this requirement, the legislative history demonstrates an intention to include them in this requirement and provide a uniform Statute of Limitations by eliminating the differing onset dates contained in the statute as formerly written (see, Budget Report on Bill, June 18, 1980, Governor's Bill Jacket, L 1980, ch 360). Further, one memorandum states that: "The amendments merely strike language providing that an action on a bond must be commenced within one year from the date on which the claimant performed the last of the labor *or furnished the last of the material for which such action is brought,* and provide that such an action must be commenced within one year from the date on which final payment under the claimant's subcontract becomes due" (sponsor's mem, Governor's Bill Jacket, L 1980, ch 360 [emphasis supplied]).

Accordingly, while the Legislature's use of the term "subcontract" in the amended statute is troubling, we are constrained to find that the Legislature intended that word to include not only subcontractors' claims but those of all claimants entitled to sue on their payment bonds. We construe the statute not to differentiate between subcontractors and materialmen as claimants, but merely to establish the onset date of the Statute of Limitations to refer to subcontracts in the sense that any agreement between a claimant and the general contractor or a subcontractor to the general contractor to be a "subcontract". In this respect, the Legislature had the full and complete authority to establish such a law without being limited in any sense as to prior statutory and precedential decisions distinguishing subcontractors from other classes of lienors.

In light of our finding that the one-year time bar applies to

plaintiff and its action against North River, the fact that it was commenced almost 22 months after the date plaintiff claims its payment was due mandated its dismissal.

KANE, J. P., CASEY, LEVINE and MERCURE, JJ., concur.

Order affirmed, with costs.