*345 OPINION OF THE COURT
Alexander, J.
The primary question presented on this appeal is whether the procurement of child pornography for personal use falls within the ambit of Penal Law § 263.15, which criminalizes the promotion of a sexual performance by a child. We conclude that it does and affirm the order of the Appellate Division reinstating the indictment.
I
Defendant was charged in a five-count indictment with promoting a sexual performance by a child in violation of Penal Law § 263.15. Four counts alleged that, knowing the contents thereof, defendant procured child pornography through the mail and the fifth count alleged that, knowing the contents thereof, defendant procured child pornography in his home from an undercover officer. Defendant was arrested and indicted following the seizure, pursuant to a search warrant, of various items of child pornography at his home. The search warrant application alleged that magazines and videotapes portraying child pornography in various forms had been purchased by defendant from an undercover officer, who after an investigation, had contacted defendant first by telephone and later in person. According to the warrant application, defendant expressed an interest in receiving pictures of young boys, age 13-18, in sexually explicit poses. Defendant gave the officer his name and mailing address and suggested that the materials be sent in an envelope with no return address so that in the event defendant was caught, he could deny knowledge of the material. Defendant paid for child pornography in the form of magazines and videotapes which he received from the officer both through the mail and, on one occasion, by personal delivery to defendant at his home.
County Court granted defendant’s motion to dismiss the indictment, reasoning that Penal Law § 263.15 was directed at the distribution of child pornography and did not prohibit the acquisition of such materials for personal use (135 Misc 2d 993). The Appellate Division rejected County Court’s narrow construction of the statute, concluding that the term "procure”, as used in the statutory definition of "promote” in Penal Law § 263.00 (5) included the acquisition of child pornography whether for one’s own personal use or for distribution to others, reversed County Court’s order and reinstated *346 the indictment (141 AD2d 227). An Associate Judge of this court granted leave to appeal.
On this appeal defendant argues that County Court correctly applied the rule of noscitur a sociis, which means "it is known from its associates”, to construe the term "procure” in Penal Law § 263.00 (5) by reference to the other listed terms in the statutory definition of "promote”. That court concluded that the Legislature intended to limit the term "procure” to the acquisition of child pornography for the purpose of distributing the material to others. Thus, absent an allegation that he intended to distribute the child pornography to others, the indictment- fails to state a crime within the meaning of the statute and should be dismissed. Alternatively, defendant contends that the indictment must be dismissed because the charge against him is merely the possession of child pornography, an activity which is constitutionally protected under the rationale of Stanley v Georgia (394 US 557). The People respond that the term "procure” as used in Penal Law § 263.00 (5) should be construed in accordance with its plain and natural meaning "to obtain”, thus rendering the procurement of child pornography illegal, whether it is obtained for personal use or for distribution. They further argue that this broader definition is consistent with and gives effect to the Legislature’s expressed intention to eradicate child pornography. As to defendant’s constitutional challenge to the application of the statute, the People point out that the indictment does not charge defendant with the possession of child pornography and further argue that the procurement and possession of such material may be constitutionally proscribed.
We now affirm.
II
In an effort to eradicate child pornography and thereby combat the sexual exploitation of children, the Legislature enacted Penal Law article 263 which makes criminal the use of a child in a sexual performance (Penal Law § 263.05), the promotion of an obscene sexual performance by a child (Penal Law § 263.10), and the promotion of a sexual performance by a child (Penal Law § 263.15).* In a legislative declaration *347 enacted with this article, the Legislature found a "proliferation of exploitation of children as subjects in sexual performances” and declared that "[t]he public policy of the state demands the protection of children from exploitation through sexual performances” (L 1977, ch 910, § 1). The Legislature further urged law enforcement officers to vigorously enforce the provisions of the article.
Defendant is charged with promoting a sexual performance by a child in violation of Penal Law § 263.15. That crime is committed when "knowing the character and content thereof, [one] produces, directs or promotes any performance which includes sexual conduct by a child less than sixteen years of age.” "Promote” is defined by Penal Law § 263.00 (5) as follows: "to procure, manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmute, publish, distribute, circulate, disseminate, present, exhibit or advertise, or to offer or agree to do the same” (emphasis added). A "performance” is "any play, motion picture, photograph or dance” (Penal Law § 263.00 [4]).
Characterizing the conduct with which he is charged as merely the possession of child pornography, defendant argues that such possession is insufficient to constitute a crime under Penal Law § 263.15 absent any allegation that he intended to distribute the materials to others. The indictment, however, tracks the statutory language — defendant is charged with "procuring” specific items of child pornography both through the mails and at his home. The issue, then, is whether, by using the term "procure” in Penal Law § 263.00 (5), the Legislature intended to limit the reach of Penal Law § 263.15 by criminalizing the acquisition of child pornography only when that acquisition is accompanied by an intention to distribute the material to others. County Court concluded that the statute was so limited because, in its view, the Legislature did not intend Penal Law § 263.15 to encompass the conduct of consumers in the child pornography market. That court concluded that consistent with the other terms listed in the statutory definition of "promote” which relate to the manufacture or distribution of child pornography to others (see, Penal Law § 263.00 [5]), the term "procure” should be construed as meaning only to obtain or acquire child pornography with the intent of distributing it to others. We reject this cramped construction as inconsistent with both the language and the spirit of the statute.
*348 It is settled that penal statutes are no longer strictly construed and that conduct falling within the plain and natural meaning of a statute may be punished as criminal (People v Ditta, 52 NY2d 657, 660). Although the term "procure” is not defined in the Penal Law, the leading definition commonly assigned to the term is "to get possession of: obtain, acquire * * * esp: to get possession of by particular care or effort” (Webster’s Third New International Dictionary 1809 [unabridged 1986]; see also, 8 Oxford English Dictionary 1418; Black’s Law Dictionary 1087 [rev 5th ed]). Understood in this sense, the term "procure” as used in Penal Law § 263.00 (5) defines "promote” for the purposes of Penal Law § 263.15 as simply the acquisition of child pornography, whether for personal consumption or for distribution to others.
Moreover, the legislative history of article 263 indicates that the Legislature intended to employ broad measures to eradicate child pornography in all its forms — that history contains no suggestion that the consumers of such material were to be excluded from the reach of those measures. Indeed, the Legislature expressly declared that law enforcement officers were to vigorously prosecute both the "peddlers of children” and the "promoters” of child pornography, suggesting that "promoters” are not limited to those who profit from the manufacture and distribution of child pornography (L 1977, ch 910, § 1). The legislative history of article 263 is replete with references to the enormity of the problem of child pornography and the inadequacy of the previously enacted obscenity laws (Penal Law art 235) in addressing the problem (see, e.g., Letter of Senator Ralph J. Marino, Governor’s Bill Jacket, L 1977, ch 910; Mem of Assemblyman Howard Lasher, Governor’s Bill Jacket; News Release of Assemblyman James W. McCabe, Sr., Governor’s Bill Jacket). Significantly, in Penal Law § 263.00 (5), the Legislature has more broadly defined the term "promote” for the purposes of article 263 than for the purposes of article 235. In Penal Law § 263.00 (5), the Legislature adopted the exact language of the definition of "promote” contained in Penal Law § 235.00 (4) but added the word "procure”. Thus we conclude that consistent with its efforts to eradicate the social evil of child pornography, Penal Law § 263.15 is directed at the consumers of child pornography as well as at its manufacturers and distributors. The Legislature used the term "procure” as that term is commonly understood —meaning to obtain or acquire — hence the purpose for which *349 the child pornography is acquired is irrelevant to the conduct proscribed by the statute.
Alternatively, defendant argues that Penal Law § 263.15 is unconstitutional as applied to him because he has been charged only with the possession of child pornography. In support of this argument, defendant cites Stanley v Georgia (394 US 557, 564-565, supra), in which the Supreme Court held that although obscenity was not speech protected by the First Amendment, its possession could not constitutionally be proscribed because individuals retained a constitutional right of privacy which encompassed the right to possess such materials in their homes. Thus defendant acknowledges that child pornography is not protected speech under either the Federal (New York v Ferber, 458 US 747) or State (People v Ferber, 57 NY2d 256) Constitution but maintains nevertheless that he has a constitutional right to possess it in his home. We need not decide whether such a constitutional right exists, however, because as the People point out, defendant has not been charged with the criminal possession of child pornography. All five counts of the indictment charge defendant with violating Penal Law § 263.15 by procuring child pornography and thereby promoting a sexual performance by a child. Defendant makes no argument that procuring child pornography may not be constitutionally proscribed and thus we have no need to address the issue.
Accordingly the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed.

 The facial validity of Penal Law article 263 is not open to question because child pornography is not protected speech under either the Federal or State Constitution (see, New York v Ferber, 458 US 747; People v Ferber, 57 NY2d 256).