■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BLACKWELL, Appellant. [671 NYS2d 77] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered October 30, 1996, convicting defendant, after a jury trial, of auto stripping in the first degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant did not preserve by specific objection his current claims regarding the sufficiency of the evidence (*People v Gray*, 86 NY2d 10), and we decline to review them in the interest of justice. Were we to review these claims, we would find that there was sufficient evidence to prove beyond a reasonable doubt the "defacement" element of auto stripping in the first degree (Penal Law former § 165.10; *see also,* former § 165.09; *see, Matter of Tyson M.*, 195 AD2d 558), as defined, without objection, in the court's instructions to the jury (*see, People v Dekle*, 56 NY2d 835), and that the verdict was not against the weight of the evidence. The evidence supports the jury's finding that the lock and the area surrounding it were "defaced" or "marred", within the commonly assigned definitions of those terms (*see, People v Keyes*, 75 NY2d 343, 348), and there was ample evidence from which the jury could have reasonably inferred that defendant performed such acts.

Since defense counsel was given notice of the content of a note sent by the jury and acquiesced in the court's proposed response, defendant's claim of error is subject to normal preservation requirements (*People v Starling*, 85 NY2d 509, 516). Here, counsel's express acquiescence in the court's proposed response, apparently based upon counsel's own review of the record, renders unpreserved defendant's current claim that the response given was not appropriate (*see, People v Green*, 207 AD2d 318, 319, *lv denied* 84 NY2d 935). Were we to review defendant's current claim in the interest of justice, we would

find no basis for reversal since the court's response did not "seriously prejudic[e]" defendant (*People v Lourido*, 70 NY2d 428, 435; *People v Mariera*, 219 AD2d 496, 497, *lv denied* 87 NY2d 923).

We perceive no abuse of discretion in sentencing.

We have considered defendant's additional claims and find them to be without merit. Concur—Lerner, P. J., Sulllivan, Milonas, Ellerin and Andrias, JJ.