(March 5, 2002)

■ The People of the State of New York, Respondent, v Larry Butler, Appellant. [738 NYS2d 194] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered February 20, 1998, convicting defendant after a jury trial of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him as a second felony offender to concurrent terms of 6 to 12 years, unanimously affirmed.

By order entered February 22, 2001 (280 AD2d 399), we remanded this proceeding for purposes of conducting a hearing on defendant's motion to suppress physical evidence and identification testimony, and held the appeal in abeyance pending the conclusion of such a hearing and an order entered thereon. Supreme Court, by order dated June 8, 2001, has now denied such motion. Our review of the evidence adduced at the suppression hearing provides no basis to conclude that denial of the suppression motions was error.

Defendant failed to preserve his claim that the court inadequately and inaccurately responded to the second jury note (*People v Blackwell*, 249 AD2d 81, *lv denied* 92 NY2d 848). Nor, in view of the absence of prejudice resulting from the court's response, do we find any basis to reverse in the interest of justice (*People v Lourido*, 70 NY2d 428, 435). Defendant's contention that the court erred by not allowing the jury to resume deliberations after the second note is belied by the record, which reflects that the foreperson and, upon polling, each member of the jury, indicated that further deliberations were unnecessary. Defendant's remaining contentions are also meritless. Concur—Nardelli, J.P., Williams, Tom, Sullivan and Friedman, JJ.