(December 9, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH A. GAITO, Appellant. [604 NYS2d 992] —Weiss, P. J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered January 31, 1989, upon a verdict convicting defendant of the crimes of use of a child in a sexual performance (eight counts) and sodomy in the second degree.

Defendant was indicted on multiple counts for use of a child in a sexual performance (Penal Law § 263.05) and sodomy and ultimately convicted on those charges arising out of photographic sessions conducted by defendant. The subjects were two young sisters who were 12 and 13 years old. On appeal, defendant contends that absent proof that the pornographic pictures were intended for other than private use, the crime of use of a child in a sexual performance did not occur. He argues that the legislative history of the Penal Law reflects an attempt to limit the commercial pornography trade. We find neither the plain and natural meaning of the statutory language nor its legislative history to be so limiting.

The Court of Appeals observed that the legislative history of Penal Law article 263 was "to employ broad measures to eradicate child pornography *in all its forms" (People v Keyes,* 75 NY2d 343, 348 [emphasis supplied]). When the same case was considered in this Court, we stated: "This conclusion is buttressed by adherence to our obligation to first ascertain and effectuate the intent of the Legislature *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 92), which, as stated in an Assembly memorandum addressed to the legislation enacting Penal Law § 263.15, is 'to make every attempt to prevent children from being sexually exploited and to eliminate the child pornography industry * * * and the promotion of such material absolutely prohibited' and to 'make material containing children in sexual performance, *no matter what the purpose,* against the public policy of this State' (mem of Assembly-[member] Howard Lasher, Governor's Bill Jacket, L 1977, ch 910 [emphasis in original])." *(People v Keyes,* 141 AD2d 227, 229, *affd* 75 NY2d 343.) In *People v Keyes (supra,* at 227), we recognized that the State's compelling interest in regulating child pornography was not dependent on whether the material was distributed commercially or possessed privately; rather, the focus is on the harm to the child *(see also, People v Duboy,* 150 AD2d 882, *lv denied* 74 NY2d 846). The primary concern of the statute is with the effect the depicted conduct has on the children involved *(People v Ferber,* 52 NY2d 674, 682-685 [Jasen, J., dissenting], *revd* 458 US 747).

Penal Law article 263 is a coherent entity addressing the evils of child exploitation. The language of Penal Law §§ 263.00 and 263.05 is sufficiently precise and does not lend support to defendant's contention that the taking of photographs for personal purposes is outside the unambiguous definition of the word "performance". County Court's use of that portion of the statute applicable to the pending indictment, i.e., " 'Performance' means any play, motion picture, photograph or dance" *(see,* Penal Law § 263.00 [4]) is neither confusing nor misleading. Defendant's complaint that the additional definition involving "other visual representation exhibited before an audience" has no merit inasmuch as the charges against him made no such allegation. The instructions given to the jury on the definition of "performance" were correct.

We find defendant's remaining contention concerning the conference with County Court on the presentence report to be unpreserved for this appeal. Not only was there no objection,

but defendant's attorney specifically consented to the procedure adopted.

Yesawich Jr., Crew III, White and Casey, JJ., concur. Ordered that the judgment is affirmed.