[704 NYS2d 426]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL
FRASER, Appellant.

Fourth Department, February 16, 2000

### APPEARANCES OF COUNSEL

*Michael A. Arcuri, District Attorney* of Oneida County, Utica (*Michael A. Colluzza* of counsel), for respondent.

*Mark A. Wolber,* Utica, for appellant.

### OPINION OF THE COURT

PIGOTT, JR., J.

Defendant appeals from a judgment convicting him, upon a

jury verdict, of two counts of possessing a sexual performance by a child (Penal Law § 263.16). Defendant contends that a visual image stored in a computer hard drive is not a "photograph" within the meaning of Penal Law § 263.00 (4), and that County Court erred in denying his requests to charge the affirmative defense set forth in Penal Law § 235.15 (1) and the justification defense set forth in Penal Law § 15.20 (2) (a). The judgment should be affirmed.

# I

At about 9:00 A.M. on June 12, 1998, the operations manager of a consulting and computer repair business in Rome, New York received a telephone call from defendant. Defendant indicated that he wanted to have the hard drive on his computer replaced but only if he could be present while the work was being performed. The manager agreed to do so, and defendant brought in his computer later that morning. The manager disassembled the computer, obtained a new hard drive, and began to copy the files from defendant's old hard drive to the new one. A problem developed in the power supply in defendant's computer, which resulted in damage to the new hard drive. Defendant was informed that a new power supply would have to be installed in his computer and that it could not be done right away. Defendant reluctantly agreed to leave his computer at the store.

The manager replaced the power supply and installed a new hard drive. As he copied the files from defendant's old hard drive to the new one, the manager observed that some of the file names appeared "suspicious-looking." He immediately suspected that the files contained child pornography based on the file names and the "suspicious nature of the customer." After he reassembled defendant's computer, he asked a technician to copy the contents of defendant's old hard drive to a hard drive of a computer located in the store. Defendant arrived at the store unexpectedly and the manager returned defendant's computer and old hard drive to him. Later that day, the manager and two technicians viewed the copied files and observed pictures of young children engaged in sexual activity with adults. The manager telephoned the Rome Police Department and was referred to the State Police. A State Trooper arrived at the store the following day and removed the store's hard drive containing defendant's files. A search warrant was executed at defendant's home, and defendant's computer was seized.

Defendant was indicted and charged with two counts of possessing an obscene sexual performance by a child (Penal Law § 263.11) and two counts of possessing a sexual performance by a child (Penal Law § 263.16). Prior to trial, the People moved to dismiss the two counts of possessing an obscene sexual performance by a child, and proceeded solely on the two counts of possessing a sexual performance by a child.

Penal Law § 263.16 provides: "A person is guilty of possessing a sexual performance by a child when, knowing the character and content thereof, he knowingly has in his possession or control any performance which includes sexual conduct by a child less than sixteen years of age." Performance is defined in Penal Law § 263.00 (4) as "any play, motion picture, photograph or dance. Performance also means any other visual representation exhibited before an audience." The indictment charged defendant with violating Penal Law § 263.16 by possessing "numerous computer graphic files which contained images of children less than sixteen years of age engaged in sexual conduct."

In support of a pretrial suppression motion, defendant, who is a licensed social worker specializing in treating sexually related disorders, indicated his intention to rely upon the affirmative defense set forth in Penal Law § 235.15 (1), which provides: "In any prosecution for obscenity, or disseminating indecent material to minors in the second degree in violation of subdivision three of section 235.21 of this article, it is an affirmative defense that the persons to whom allegedly obscene or indecent material was disseminated, or the audience to an allegedly obscene performance, consisted of persons or institutions having scientific, educational, governmental or other similar justification for possessing, disseminating or viewing the same." The People made a motion in limine seeking to preclude defendant from introducing evidence in support of an affirmative defense pursuant to Penal Law § 235.15 (1). The prosecutor argued that the affirmative defense had no application to the present prosecution because defendant was not being prosecuted for obscenity or disseminating indecent material to minors. The court agreed, granted the motion and refused defendant's request to charge the jury with that affirmative defense.

At the close of the People's proof, defendant moved to dismiss the charges on the ground that the People had failed to prove that he possessed a sexual performance by a child. Defendant argued that a graphic image on a hard drive is not a photo-

graph, and further argued that he could not be convicted of possessing a visual representation because there was no proof that he ever exhibited the images to an audience, as required by Penal Law § 263.00 (4). The People countered that a visual image stored on a hard drive may be construed as fitting within the definition of a "photograph," given the legislative intent to eradicate the market for child pornography in all forms. The court agreed with the People and denied the motion to dismiss the indictment. The court also granted the People's request to charge that, as a matter of law, a photograph "may include a computer graphic image."

Defendant testified on his own behalf that he is a licensed social worker and that he downloaded child pornography from the Internet in connection with research he was conducting to develop therapeutic treatment methods for Internet child pornographers. He testified that he was a member of a task force made up of mental health professionals and formed by the Oneida County Department of Mental Health, with encouragement from the Oneida County District Attorney's office, to develop such treatment programs. He further testified that he had informed other members of the task force, including the Deputy Commissioner of the Oneida County Department of Mental Health, that he was engaged in research concerning persons who deal in child pornography on the Internet. According to the testimony of other members of the task force, including the Deputy Commissioner, defendant indicated to them that he was conducting research concerning child pornography on the Internet and sending questionnaires to persons he identified as disseminators of child pornography on the Internet. He never informed them, however, that he was downloading child pornography from the Internet nor had anyone in the task force given defendant permission to do so.

At defendant's request, based upon defendant's testimony that the District Attorney's office was involved in the task force of which defendant was a member, the court charged the jury with the justification defense pursuant to Penal Law § 15.20 (2) (d). That section provides that it is a defense to criminal liability that defendant engaged in prohibited conduct because he had a mistaken belief that the conduct was legal as the result of an interpretation of a statute or law "officially made or issued by a public servant, agency or body legally charged or empowered with the responsibility or privilege of administering, enforcing or interpreting such statute or law." The court refused defendant's request to charge the justification defense

pursuant to Penal Law § 15.20 (2) (a). That section provides that it is a defense to criminal liability that defendant engaged in prohibited conduct because he was operating under a mistaken belief that the conduct was legal based on "an official statement of the law contained in * * * a statute or other enactment." Defendant was convicted as charged and sentenced to probation for five years and 500 hours of community service. Defendant appeals.

## II

■ Defendant contends that the court erred in charging the jury that a photograph may include a computer graphic image because the term "photograph," which is not defined in the Penal Law, when given its ordinary meaning, requires that an image be produced on paper and be visible to the unaided eye. A computer graphic image, unlike a photograph, is visible to the unaided eye only when processed through a computer and displayed on a monitor.

Penal statutes "must be construed according to the fair import of their terms to promote justice and effect the objects of the law" (Penal Law § 5.00; *see also, People v Keyes,* 75 NY2d 343, 348). In enacting a statute, "it is impossible for the Legislature to consider every societal and technological change that may occur and the effect those changes may have upon the particular conduct it is seeking to regulate" (*Rutledge v State,* 745 So 2d 912, 916 [Ala]). Like the court in *Rutledge* (*supra,* at 916), "[w]e do not believe that the Legislature is required to amend the law to accommodate every advancement in technology."

When the Legislature enacted the statutes prohibiting possession of child pornography, its purpose was to prohibit the possession of child pornography in every form as a means of eradicating the market for such material. As Governor Pataki noted, "Someone who possesses child pornography does so at the expense of an exploited child, and society cannot hope to eradicate this evil unless the market for these perverse materials is destroyed" (Governor's Mem approving L 1996, ch 11, 1996 NY Legis Ann, at 630; *see also, People v Keyes, supra,* at 348; *People v Gaito,* 199 AD2d 615, 616, *lv denied* 83 NY2d 805).

The graphic images stored in defendant's computer were either photographs that were converted to digital images by a scanner or taken by a digital camera (*see, State v Cohen,* 696 So 2d 435, 438, n 5 [Fla]). A graphic image of a child engaged

in sexual conduct captures the child's humiliation and preserves it into the future as permanently as does any photograph (*see, Osborne v Ohio,* 495 US 103, 111, *reh denied* 496 US 913; *New York v Ferber,* 458 US 747, 760, n 10). If anything, the ease of transmitting photographs over the Internet has the effect of increasing the market for child pornography. "The use of computers to transmit and possess child pornography can only increase the market for child pornography—especially with the clarity of images, the speed of transmission, and the ability to upload or download the images with ease" (*State v Cohen, supra,* at 440). Construing the terms of the statute to "effect the objects of the law" (Penal Law § 5.00), we conclude that the court properly charged the jury that a photograph may include a computer graphic image.

### III

Defendant further contends that the court erred in denying his request to charge the affirmative defense set forth in Penal Law § 235.15 (1), which, *inter alia,* protects the use of obscene material by persons for scientific, educational or governmental purposes. As the court properly determined, this affirmative defense, by its own terms, applies only to obscenity prosecutions and prosecutions under Penal Law § 235.21 (3) and thus does not apply here.

Defendant contends, however, that the statutes prohibiting possession of child pornography are unconstitutional unless that affirmative defense is made applicable to them. The original single-degree obscenity statute and the affirmative defense thereto were enacted in 1965, and article 263 of the Penal Law, which made it a felony to use or promote a child in a sexual performance, was enacted in 1977. Defendant contends that, because mere possession of child pornography was not then prohibited, the "scientific" defense would not have been necessary, and thus, the affirmative defense set forth in Penal Law § 235.15 (1) was not made applicable to article 263. In 1990, the Supreme Court held that individual States could criminalize the possession and viewing of child pornography (*see, Osborne v Ohio, supra,* at 111). In response to that decision, the Legislature, in 1996, enacted Penal Law §§ 263.11 and 263.16, making it a felony to possess an obscene sexual performance by a child or a sexual performance by a child.

Defendant acknowledges that the State has a compelling interest in preventing the sexual exploitation of children but contends that the State "has an equally compelling interest in

preventing sexual abuse of children by developing effective assessment and treatment programs for those convicted of using children for sexual purposes." He contends that, to develop effective treatment programs for offenders, it is necessary to conduct studies, not only concerning the type of persons transmitting pornography, but also concerning "the type of pornography being transmitted." Defendant also contends that the lack of a "scientific defense" to the child pornography statutes violates equal protection, because persons who possess obscene material for research purposes are not subject to prosecution while persons who possess child pornography for research purposes are.

Defendant's constitutional arguments must be rejected. Child pornography is not protected speech under either the Federal or the State Constitution (*see, People v Keyes, supra,* at 349). In concluding that a State may criminalize the mere possession of child pornography that is not necessarily obscene, the Supreme Court stated that "[i]t is also surely reasonable for the State to conclude that it will decrease the production of child pornography if it penalizes those who possess and view the product, thereby decreasing demand" (*Osborne v Ohio, supra,* at 109-110).

We reject defendant's contention that the State's interest in allowing persons to use child pornography for research purposes is as compelling as the State's interest in preventing the sexual exploitation of children. As the Supreme Court noted, "[t]he value of permitting live performances and photographic reproductions of children engaged in lewd sexual conduct is exceedingly modest, if not de minimis. We consider it unlikely that visual depictions of children performing sexual acts or lewdly exhibiting their genitals would often constitute an important and necessary part of a literary performance or scientific or educational work" (*New York v Ferber, supra,* at 762-763).

Given the nature and extent of the harm to children who are involved in the production of pornography, the compelling interest of the State in eradicating the market for that despicable material and the de minimis value of child pornography for scientific or educational purposes, it is a reasonable determination by the Legislature not to allow a person charged with possession of child pornography to assert the "scientific" defense (*cf., People v Ferber,* 57 NY2d 256, 260 [Meyer, J., concurring] [*New York v Ferber, supra, on remand*]). New York courts have repeatedly held that the "primary concern of the

statute is with the effect the depicted conduct has on the children involved" (*People v Gaito, supra,* at 616; *see also, People v Keyes, supra,* at 347; *People v Duboy,* 150 AD2d 882, 883, *lv denied* 74 NY2d 846). It is no less traumatic for an innocent child to be sexually abused in front of a camera when the images produced are allegedly used for a "scientific" purpose than when the images are used to satisfy the prurient desires of the possessor (*see, Rutledge v State, supra,* at 915).

For many of the same reasons, defendant's contention that the statute violates equal protection fails. Defendant contends that it is a violation of equal protection to allow a person who possesses obscene material to assert a "scientific" defense while not allowing a person who possesses child pornography to assert a comparable defense. The compelling State interest in protecting children from being defiled far outweighs the value of allowing the product of the child's defilement to be used for "scientific" purposes. As the Court of Criminal Appeals of Alabama so aptly noted, " 'Child pornography is different from general obscenity both in the degree of depravity involved and in the nature and extent of the harm involved. As for depravity, whatever may be said, and has been said, about what consenting adults do with and to each other, nothing so debases civilized society as the defilement of children for purposes of producing photographs like those involved in these cases' " (*Rutledge v State, supra,* at 915, quoting *Dannelley v State,* 397 So 2d 555, 570 [Ala], *cert denied* 454 US 856).

# IV

◼ Finally, defendant contends that he was entitled to a charge on the defense of justification pursuant to Penal Law § 15.20 (2) (a). That contention is without merit.

The mistake of law defense set forth in Penal Law § 15.20 (2) (a) relieves a person of criminal liability if he or she engaged in such conduct in reliance upon an official statement of the law contained in a statute or other enactment. Defendant contends that Penal Law § 263.00 (4) is ambiguous in defining a performance as, *inter alia,* a photograph or other visual representation only if exhibited before an audience, and that his mistaken belief that the possession of a computer image was not illegal unless exhibited to an audience is reasonable. In *People v Marrero* (69 NY2d 382, 387), the Court of Appeals noted that the mistake of law defense "was intended to be a very narrow escape valve" and does not apply even where a defendant has made a "good-faith, perhaps reasonable but mistaken, inter-

pretation of criminal statutes, many of which are concededly complex" (*People v Marrero, supra,* at 392). The Court noted that the defense applies only where "an individual demonstrates an effort to learn what the law is, relies on the validity of that law and, later, it is determined that there was a *mistake in the law itself*" (*People v Marrero, supra,* at 390). That is not the case here.

## V

According, the judgment should be affirmed.

HAYES, J. P., WISNER, SCUDDER and LAWTON, JJ., concur.

Judgment unanimously affirmed.