OPINION OF THE COURT
 

 Smith, J.
 

 The primary issue is whether constitutional and statutory defenses should have been allowed during defendant’s prosecution for possessing a sexual performance by a child. We hold that the defendant was properly convicted.
 

 Defendant took his computer to a repair shop to replace the hard drive. While servicing the computer, a technician noticed that some of the graphic files had suspicious titles implying child pornography. Before defendant returned to retrieve his
 
 *322
 
 computer, the technician copied some of the files from defendant’s hard drive. When the technician and two other employees viewed the copy, they found pictures of young children engaged in sexual activity with adults. Defendant was charged with two counts of possessing a sexual performance by a child (Penal Law § 263.16).
 
 [1]
 
 Before trial the People made a motion to preclude an affirmative defense (based on scientific use) pursuant to Penal Law § 235.15 (1), and defendant moved to assert the defense at trial. The Trial Judge precluded the affirmative defense and refused to instruct the jury with respect to it.
 

 At trial, defendant testified that he had a Master’s Degree in * Social Work, was a certified social worker, and had extensive experience in treating victims and offenders of child abuse. He stated that the Oneida County Deputy Commissioner of Mental Health invited him to join a work group formed to develop a treatment program for persons convicted of child pornography crimes. Defendant further testified that he possessed the child pornography in connection with his scientific research to develop treatment for persons transmitting child pornography on the Internet, explaining that he compiled the prohibited material by downloading files sent to him from individuals he communicated with in various chat rooms where child pornography was discussed.
 

 Defendant requested a jury instruction on his affirmative defense that possession of child pornography is permissible for literary, artistic, scientific or educational purposes. Defendant also requested that the court charge the jury on the mistake of law defense set forth in Penal Law § 15.20 (2) (a), asserting that he was operating under the mistaken belief that his conduct was legal. The court denied the requests.
 

 Defendant was found guilty of two counts of possessing a sexual performance by a child and sentenced to probation for five years and 500 hours of community service. The Appellate Division affirmed the conviction, stating that the scientific justification affirmative defense in Penal Law § 235.15 (1) “applies only to obscenity prosecutions and prosecutions under Penal Law § 235:21 (3) and thus does not apply here” (264 AD2d 105, 111), and that the mistake of law defense set forth in Penal Law § 15.20 (2) (a) was also inapplicable. The Appel
 
 *323
 
 late Division further held that “graphic images stored in defendant’s computer were either photographs that were converted to digital images by a scanner or taken by a digital camera” (264 AD2d at 110). A Judge of this Court granted defendant leave to appeal.
 

 On this appeal, defendant contends that because he downloaded the prohibited material for scientific research purposes, he was constitutionally entitled to invoke a “scientific justification” defense similar to that set forth in Penal Law § 235.15. Defendant further contends that he was entitled to a mistake of law defense as set forth in Penal Law § 15.20 (2) (a), and that in any event a visual image stored in a computer hard drive is not a “photograph” within the meaning of Penal Law § 263.00 (4).
 

 Penal Law § 263.16 provides a “person is guilty of possessing a sexual performance by a child when, knowing the character and content thereof, he knowingly has in his possession or control any performance which includes sexual conduct by a child less than sixteen years of age.” A performance is defined as “any play, motion picture, photograph or dance” or “any other visual representation exhibited before an audience” (Penal Law § 263.00 [4]). Penal Law § 263.20 contains affirmative defenses applicable when a defendant in good faith reasonably believes that the persons depicted were over 16 years of age and when a person is engaged in certain specified occupations. Those defenses are not claimed here.
 

 The defense claimed by defendant is found in Penal Law § 235.15 (1). That section provides that in “any prosecution for obscenity, or disseminating indecent material to minors in the second degree in violation of subdivision three of section 235.21 of this article, it is an affirmative defense that the persons to whom allegedly obscene or indecent material was disseminated, or the audience to an allegedly obscene performance, consisted of persons or institutions having scientific, educational, governmental or other similar justification for possessing, disseminating or viewing the same.” Application of that affirmative defense, however, is expressly limited to the offenses stated in the statute — none of which are at issue here. Penal Law § 263.16 is neither an article 235 offense nor an obscenity statute. Whether the absence of such a defense renders the child pornography statute unconstitutional is the issue before us.
 

 Defendant challenges his conviction as a violation of his First Amendment right of freedom of expression and his equal
 
 *324
 
 protection rights under the Federal and State constitutions. Defendant does not assert that the statute should be declared unconstitutional because it is facially overbroad, but rather asserts that the statute is overbroad as applied to him and other classes of people who may legitimately come into possession of pornography. Defendant also alleges that the trial court violated his due process rights when it refused to charge a defense set forth in Penal Law § 235.15 (1).
 

 In
 
 New York v Ferber
 
 (458 US 747), which upheld Penal Law § 263.15 (“Promoting a sexual performance by a child”), the Supreme Court concluded that child pornography is not protected by the First Amendment, explaining that when “a definable class of material, such as that covered by § 263.15, bears so heavily and pervasively on the welfare of children engaged in its production, we think the balance of competing interests is clearly struck and that it is permissible to consider these materials as without the protection of the First Amendment” (458 US at 764).
 

 The First Amendment protects non-obscene sexually explicit material involving adults
 
 (Miller v California,
 
 413 US 15, 24). The First Amendment, however, does not protect pornographic material involving children
 
 (Ferber, supra,
 
 458 US at 756-764). States enjoy greater latitude in regulating child pornography because of the government’s compelling interest in safeguarding its children. Indeed, the Supreme Court in
 
 Ferber
 
 addressed this very issue when it decided the constitutionality of Penal Law § 263.15. The
 
 Ferber
 
 Court recognized that “a work which, taken on the whole, contains serious literary, artistic, political, or scientific value may nevertheless embody the hardest core of child pornography. ‘It is irrelevant to the child [who has been abused] whether or not the material . . . has a literary, artistic, political or social value’ ”
 
 (Ferber,
 
 458 US at 761 [citations omitted]). Accordingly, because of the State’s compelling interest in protecting its children, the
 
 Ferber
 
 Court concluded that the possible danger of infringement on serious literary, artistic, scientific or educational works did not render the statute unconstitutionally overbroad.
 

 In
 
 Osborne v Ohio
 
 (495 US 103), the Supreme Court upheld a State’s authority to prohibit mere possession of child pornography. While that statute did contain exceptions for literary, educational and scientific purposes, nothing in the Supreme Court’s opinion indicated that these limitations were required
 
 (see also, United States v Matthews,
 
 209 F3d 338 [4th Cir],
 
 cert denied
 
 531 US 910;
 
 State v Williams,
 
 93 Wash App 1013 [Div 1]).
 

 
 *325
 

 Osborne
 
 reiterated the Supreme Court’s concern, articulated in
 
 Ferber,
 
 that the State has an interest in stamping out child pornography. Noting that the Ohio statute on its face prohibited the possession of nude photographs and that nudity, without more, was constitutionally protected, the Court rejected Osborne’s overbreadth challenge because the Ohio Supreme Court had construed the statute as prohibiting nudity “ ‘where such nudity constitutes a lewd exhibition or involves a graphic focus on the genitals’ ” (495 US at 113). In the present case, sexual performance includes “sexual conduct by a child less than sixteen years of age” (Penal Law § 263.00 [1]) and sexual conduct “means actual or simulated sexual intercourse, deviate sexual intercourse, sexual beastiality, masturbation, sadomasochistic abuse, or lewd exhibition of the genitals” (Penal Law § 263.00 [3]). Thus, on its face, New York’s child pornography statute is more narrowly drawn than the Ohio law reviewed in
 
 Osborne v Ohio (see, Ferber, supra,
 
 458 US at 765). The
 
 Osborne
 
 Court also rejected defendant’s contention that
 
 Stanley v Georgia
 
 (394 US 557), in which the Court struck down a Georgia statute outlawing the private possession of obscene material, authorized the private possession of child pornography. Again, the State’s interest in prohibiting the sexual exploitation of children was paramount. As the Supreme Court noted, while the State could not regulate the private thoughts and possessions of adults, it could attempt “to destroy a market for the exploitative use of children” (495 US at 109).
 
 [2]
 

 Defendant’s contention that his conviction is a violation of equal protection is also without merit. He argues that Penal Law § 263.16 violates the equal protection guaranteed by the State and Federal constitutions because it criminalizes possession of the same pornographic material that would otherwise be allowed under Penal Law article 235 if the pornography were classified as obscene. The New York statutory scheme, which treats the offenses differently, “need only be supported by some rational basis to survive constitutional scrutiny”
 
 (People v Walker,
 
 81 NY2d 661, 668). The
 
 Ferber
 
 Court emphasized that the compelling State interest in eradicating child pornography and preventing child exploitation and abuse justified the prohibition against child pornography. Because defendant has made no showing that the statutory scheme is
 
 *326
 
 irrational or contrary to public policy, the equal protection argument must fail.
 

 Two other issues merit discussion. The first issue addresses defendant’s contention that he should have been allowed to present a mistake of law defense, as set forth in Penal Law § 15.20 (2) (a), based on his belief that section 235.15 permitted him to possess child pornography for research purposes. Defendant maintains that the trial court committed reversible error by not instructing the jury regarding the effect of his mistake upon his criminal liability.
 

 At trial, defendant presented evidence that he was invited to participate in a work group of volunteers, formed by the Oneida County Department of Mental Health with the approval of the Oneida County District Attorney’s Office, to assist the County in developing a program for assessment and possible treatment of people convicted of Internet pornography. In connection with his involvement in the work group, defendant claims he unilaterally decided to collect child pornography from the Internet as part of a scientific research project he was conducting. Defendant claims further that prior to obtaining the prohibited material, he made a diligent effort to learn the applicable law. Defendant contends that the plain language of Penal Law article 235 allows possession of child pornography for scientific research purposes and that he could not have known that digital computer graphic images would constitute a violation of section 263.16.
 

 Penal Law § 15.20 (2) (a) (“Effect of ignorance or mistake upon liability”) states that a “person is not relieved of criminal liability for conduct because he engages in such conduct under a mistaken belief that it does not, as a matter of law, constitute an offense, unless such mistaken belief is founded upon an official statement of the law contained in [a] statute or other enactment.” The “ 'official statement of the law’ must in fact authorize the conduct in question; a reasonable belief that the statement authorizes such conduct is insufficient” (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 15, at 49).
 

 Defendant contends that article 263 authorized him to possess images on his computer hard drive of children engaged in sexual activity, if he did not display the images to an audience, because technically the images were not photographs or other visual representations exhibited before an audience. Penal Law § 263.00 (4) defines “performance” as “any play, mo
 
 *327
 
 tion picture, photograph or dance. Performance also means any other visual representation exhibited before an audience.” Rather than showing that there was an “official statement of the law contained in [the] statute,” defendant maintains that a digital computer image is not a photograph within the meaning of Penal Law § 263.00 (4). Defendant does not show that he relied on an official publication in construing the statute incorrectly. Thus, contrary to defendant’s contentions, there is nothing in Penal Law § 263.00 (4) that would support his interpretation of the statute as allowing the possession of the prohibited material. Accordingly, “the underlying statute never
 
 in fact authorized
 
 the defendant’s conduct; the defendant only thought that the statutory exemptions permitted his conduct when, in fact, the primary statute clearly forbade his conduct”
 
 (People v Marrero,
 
 69 NY2d 382, 389). Thus, because there is no showing that defendant meets the exception contained in the statute, Penal Law § 15.20 (2) (a) is not available to him.
 

 The second, related issue concerns whether computer graphic images are “photographs” within the meaning of Penal Law § 263.00 (4) so as to sustain prosecution pursuant to Penal Law § 263.16. The indictment charged defendant not with the possession of photographs but with the possession of “numerous computer graphic files which contained images of children less than sixteen years of age engaged in sexual conduct.” Defendant contends that his possession does not fall within the purview of the statute because computer graphic images are not “photographs” nor do they constitute an “other visual representation” because he did not “exhibit [ ] before an audience” the prohibited material (Penal Law § 263.00 [4]). Thus, according to defendant, it is legal to possess other forms of child pornography that do not constitute a play, motion picture, photograph or dance, so long as the pornographic “visual representation” is not displayed before an audience.
 

 Defendant’s narrow reading of the statute does not comport with reasonable interpretation. By enacting article 263, the New York Legislature intended to “employ broad measures to eradicate child pornography in all its forms”
 
 (People v Keyes,
 
 75 NY2d 343, 348). Consistent with this expressed intent, the Appellate Division properly concluded that “[t]he graphic images stored in defendant’s computer were either photographs that were converted to digital images by a scanner or taken by a digital camera” (264 AD2d 105, 110,
 
 supra).
 
 Defining digital computer images as photographs falls within the “plain and natural meaning of [the] statute”
 
 (People
 
 
 *328
 

 v Keyes, supra,
 
 at 348) and gives effect to the objects of the law.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed.
 

 [1]
 

 . Defendant was also charged with violating Penal Law § 263.11, possessing an obscene sexual performance by a child, but prior to trial, the District Attorney moved to dismiss these charges and proceeded solely on the two counts of Penal Law § 263.16.
 

 [2]
 

 . Plainly if the New York Legislature wished to allow a defense, such as that provided by the Ohio statute, for literary, educational or scientific uses of child pornography, it could do so.